**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York.

Nov. 9, 1977.

Dept. of Justice, Antitrust Div., Washington, D.C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

MEMORANDUM

EDELSTEIN, Chief Judge:

On August 12, 1977, this court entered an order pursuant to Rule 53 of the Federal Rules of Civil Procedure appointing Herbert H. Isaacs as an Examiner in the above captioned action. The reasons for the court's order appointing an Examiner are set forth in a Memorandum and Order dated August 5, 1977.

Following the court's order of August 12, 1977, defendant filed a Petition for Extraordinary Writs and Appeal with the Second

Circuit Court of Appeals on September 12, 1977. Defendant's appellate proceedings are still pending before the court of appeals. In its petition and appeal, defendant contends, *inter alia*, that Mr. Isaacs should be removed as Examiner because of conflict of interest and the fact that he is not a lawyer.

Plaintiff has now moved this court for an "Order providing for substitution of Herbert H. Isaacs as Examiner by another person of similar qualifications." Plaintiff states that while it "remains convinced that there is, in fact, no unfairness or impropriety in the appointment of Mr. Isaacs," (*Affidavit of Don Allen Resnikoff*, dated October 14, 1977, at paragraph 2), it is persuaded that because of Mr. Isaacs' support role, albeit a non-adversarial one, with the Memorex Corporation in an action brought by Memorex against International Business Machines Corporation, the defendant herein,[1] the public may perceive an appearance of conflict of interest.[2] This possibility, together with the delay which is to be involved in pursuing the pending appellate proceedings to final disposition, leads plaintiff to conclude that "the long term interests of justice would best be served if a new Examiner were appointed." *Plaintiff's Memorandum in support of the instant motion* at 3. Plaintiff requests that it be permitted to submit to the court names of candidates to succeed Mr. Isaacs. Plaintiff informs the court of its intention to explain to prospective candidates IBM's position that a lawyer be appointed as Examiner.

Defendant does not oppose the removal of Mr. Isaacs as Examiner. However, defendant does oppose that portion of plaintiff's motion pursuant to which candidates to succeed Mr. Isaacs are to be proposed to the court by plaintiff. In addition, defendant reasserts its position that a lawyer should be appointed Examiner and opposes plaintiff's intention to advise prospective candidates of that position.

The court's appointment of Mr. Isaacs was made only after careful consideration of the qualifications of the persons whose names were submitted by plaintiff to the court as well as the contentions of defendant concerning conflicts of interest and the need for the appointment of a lawyer as Examiner. The court found no substance to defendant's contentions. The court acted promptly in entering its order appointing Mr. Isaacs as Examiner because of the court's strong desire to avoid any further continued delay in plaintiff's legitimate access to information it has appropriately been seeking. Plaintiff's efforts, as well as those of the court, have now been stymied for approximately two years.[3] The court remains convinced that its appointment of Mr. Isaacs as Examiner was within its sound discretion. There was not then, nor is there now, any conflict of interest, or appearance of conflict, resulting from Mr. Isaacs' non-adversarial support role with Memorex. The court is also convinced that its choice of a nonlawyer to act as Examiner is entirely appropriate and may, in fact, serve to facilitate completion of the duties of the Examiner.

Despite these convictions, however, the court has determined with reluctance that the elements of delay are such that plaintiff's motion should be granted. Resolution of defendant's proceedings in the court of appeals is not likely to occur until sometime in 1978, since argument in those proceedings has been scheduled for the last week of December 1977. Mindful of the delay that apparently will result from a decision to retain Mr. Isaacs as Examiner and with hope that expedition of the trial in this

---

1. Mr. Isaacs' role with Memorex is discussed in correspondence from both plaintiff and defendant to the court. *See* Affidavit of Don Allen Resnikoff, dated October 14, 1977, at Exhibits 2, 3 & 4.

2. Plaintiff states that it has become so persuaded as a result of serious consideration of advice given by Frank J. Scardilli, Esquire,

Staff Counsel for the Second Circuit, at a conference before Mr. Scardilli on October 6, 1977. Plaintiff's Memorandum in support of the instant motion at 3.

3. *See* this court's prior orders regarding the matters at issue dated September 19, 1975, November 30, 1976 and August 5, 1977.

action will be served, the court hereby grants plaintiff's motion.

In granting plaintiff's motion, the court wishes to make it clear that the substitution to which this Memorandum addresses itself is not to be construed as reflecting in any way in derogation of the character or reputation of Mr. Isaacs.[4] The court is certain that Mr. Isaacs, acting in his role as Examiner, could have and would have performed his duties expertly, professionally and impartially.

Not later than November 14, 1977 at 10:00 A.M., plaintiff shall submit to the court for its consideration a list of persons together with their qualifications to undertake the duties of Examiner as set forth at pages 4–8 of this court's Memorandum and Order dated August 5, 1977. Defendant may, not later than November 15, 1977 at 5:00 P.M., submit to the court pertinent objections as to any of the persons named on plaintiff's list.

So ordered.

---

**4.** This position was expressed personally to Mr. Isaacs by the court, and concurred in by counsel for both parties, at an October 12, 1977 conference with Mr. Isaacs. Transcript at 60323–24.